**IN RE: BANK OF AMERICA HOME
AFFORDABLE MODIFICATION
PROGRAM (HAMP) CONTRACT
LITIGATION.**

**No. MDL 2193.**

United States Judicial Panel on
Multidistrict Litigation.

Oct. 8, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR.*, and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN, II, Chairman.

**Before the entire Panel \*:** Plaintiffs in the action pending in the District of New

---

\* Judge Damrell did not participate in the dis-

Jersey move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey or, alternatively, the Central District of California or the Western District of Washington. Plaintiffs originally moved for centralization of eight putative class actions and six individual actions. Responding plaintiffs in the eight putative statewide class actions before the Panel support centralization in one or more of these districts or in the Eastern District of Pennsylvania or the District of Massachusetts. Defendants Bank of America, N.A. and BAC Home Loans Servicing LP (collectively Bank of America) support centralization of the putative class actions in the District of Massachusetts or, alternatively, the Central District of California or the Western District of Washington.

This litigation consists of (1) eight putative class actions listed on Schedule A and pending in seven districts as follows: two actions in the Western District of Washington and one action each in the District of Arizona, the Central District of California, the Northern District of California, the District of Massachusetts, the District of New Jersey, and the Eastern District of Pennsylvania; and (2) six individual actions listed on Schedule B and pending in five districts as follows: two actions in the Southern District of West Virginia and one action each in the Eastern District of Louisiana, the District of Massachusetts, the Western District of Washington, and the Eastern District of Wisconsin.

After inclusion of the individual actions was opposed by plaintiffs in two individual actions, defendant in one individual action, and Bank of America, the moving plaintiffs changed their position to argue in favor of

position of this matter.

centralizing only the eight putative class actions. At oral argument, no responding party argued in favor of including the individual actions in centralized proceedings.

■ On the basis of the papers filed and hearing session held, we find that the eight putative class actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all of these actions allege that Bank of America regularly fails to comply with the terms of the Home Affordable Modification Program (HAMP) and has breached contracts with the plaintiffs and/or has breached a contract to which plaintiffs are intended third-party beneficiaries. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. No party disputes that the putative class actions should be centralized.

■ We are persuaded that the individual actions listed on Schedule B should not be included in centralized proceedings. While these actions may share some questions of fact with the putative class actions, they will focus to a large extent on individual issues of fact that are unique to each plaintiff's interactions with Bank of America. Indeed, several individual complaints do not mention HAMP at all.

■ We are further persuaded that the District of Massachusetts is the most appropriate transferee forum for this litigation. The District of Massachusetts *Johnson* action is the first-filed and is one of the most advanced actions. Judge Rya W. Zobel has a wealth of prior MDL experience and is sure to lead this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that the actions listed on Schedule B are not transferred for inclusion in the MDL No. 2193 proceedings.

### SCHEDULE A

MDL No. 2193 — **IN RE: BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION**

*District of Arizona*

*Teresa Follmer, et al. v. Bank of America, NA, et al.,* C.A. No. 2:10–1435

*Central District of California*

*Debra Matthews v. BAC Home Loans Servicing, LP, et al.,* C.A. No. 2:10–5506

*Northern District of California*

*Britta Brewer, et al. v. Bank of America, NA, et al.,* C.A. No. 3:10–1884

*District of Massachusetts*

*Patricia Johnson v. BAC Home Loans Servicing, LP,* C.A. No. 1:10–10316

*District of New Jersey*

*Isaac Mikhail, et al. v. Bank of America, NA, et al.,* C.A. No. 2:10–3630

*Eastern District of Pennsylvania*

*Joseph Haber, et al. v. Bank of America, NA, et al.,* C.A. No. 2:10–3524

*Western District of Washington*

*Kamie Kahlo, et al. v. Bank of America NA, et al.,* C.A. No. 2:10–488

*Anthony Soper, et al. v. Bank of America, N.A., et al.,* C.A. No. 2:10–1194

## SCHEDULE B

*Eastern District of Louisiana*

*Dominique Flicher, et al. v. BAC Home Loan Servicing, LP, et al.,* C.A. No. 2:10–1902

*District of Massachusetts*

*Francilot Mangura v. BAC Home Loans Servicing, LP,* C.A. No. 1:10–11008

*Western District of Washington*

*Michael Chugg v. BAC Home Loans Servicing LP, et al.,* C.A. No. 2:10–332

*Southern District of West Virginia*

*Beatrice D.C. Zubaidi v. Countrywide Home Loans Servicing, LP,* C.A. No. 2:09–1070

*Marion V. Smith v. BAC Home Loans Servicing, LP,* C.A. No. 2:10–354

*Eastern District of Wisconsin*

*Anna Modenhauer v. BAC Home Loan Servicing LP, et al.,* C.A. No. 2:10–544