**IN RE: CITIMORTGAGE, INC., HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION.**

MDL No. 2274.

United States Judicial Panel on Multidistrict Litigation.

Oct. 6, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, and MARJORIE O. RENDELL, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:\*** Pursuant to 28 U.S.C. § 1407, defendant CitiMortgage, Inc. (Citi) moves to centralize this litigation in the Northern District of Illinois or the Eastern District of Missouri. This litigation currently consists of eight actions pending in six districts, as listed on Schedule A.[1] All responding parties agree that centralization is appropriate, but suggest centralization in the District of Massachusetts, the Central District of California, or the Eastern District of California. Citi considers the Central District of California the most appropriate transferee district if the Panel does not centralize these actions in a geographically central jurisdiction.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Central District of California will serve the conven-

ience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Citi regularly fails to comply with the terms of the Home Affordable Modification Program (HAMP) and has breached contracts with the plaintiffs by failing to permanently modify plaintiffs' mortgages under HAMP. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Centralization is also consistent with our decision in *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 746 F.Supp.2d 1359 (J.P.M.L.2010).

We are persuaded that the Central District of California is the most appropriate transferee district. Four first-filed actions have been consolidated and are proceeding in that district before Judge Dale S. Fischer, an experienced transferee judge who is not currently presiding over an MDL. Moreover, defendant and some plaintiffs support centralization in this district.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2274—**IN RE: CITIMORTGAGE, INC., HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION**

*Central District of California*
*Beverly King, et al. v. CitiMortgage, Inc.*, C.A. No. 2:10–03792

*Eastern District of California*
*Balbir Singh v. CitiMortgage, Inc.*, C.A. No. 2:11–00793

*Northern District of Illinois*
*Leslie Barry, et al. v. CitiMortgage, Inc.*, C.A. No. 1:11–02918

*District of Massachusetts*
*Davidson Calfee, et al. v. CitiMortgage, Inc.*, C.A. No. 1:10–12051

*District of New Jersey*
*Juan Silva, et al. v. CitiMortage, Inc.*, C.A. No. 2:11–01432

*Jo Ann Gastineau v. CitiMortgage, Inc.*, C.A. No. 3:11–02773

*Eastern District of Pennsylvania*
*William T. Whiting v. CitiMortgage, Inc.*, C.A. No. 2:11–02318

*David G. Derosa, et al. v. CitiMortgage, Inc.*, C.A. No. 2:11–02914